| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV10721640 | D4 CM | 15348576 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

LEONARD SHELTON
VS
MICHAEL STEWART    ET AL

PLAINTIFF

DEFENDANT

# SUMMONS

CITY OF LAKEWOOD
12650 DETROIT AVE
LAKEWOOD OH 44107-0000

You have been named defendant in a complaint
(copy attached hereto) filed in Cuyahoga County
Court of Common Pleas, Cuyahoga County Justice
Center, Cleveland, Ohio 44113, by the plaintiff
named herein.

**Said answer is required to be served on:**

You are hereby summoned and required to
answer the complaint within 28 days after service
of this summons upon you, exclusive of the day of
service.



Said answer is required to be served on Plaintiff's
Attorney (Address denoted by arrow at left.)

Plaintiff's Attorney

KRISTI HAUDE
1360 EAST NINTH ST

1000 IMG CENTER
CLEVELAND, OH 44114-0000

Your answer must also be filed with the court
within 3 days after service of said answer on
plaintiff's attorney.

If you fail to do so, judgment by default will be
rendered against you for the relief demanded in the
complaint.

**Case has been assigned to Judge:**

JOHN P O'DONNELL
Do not contact judge. Judge's name is given for
attorney's reference only.



GERALD E. FUERST
Clerk of the Court of Common Pleas

| DATE |
|---|
| Mar 29, 2010 |

By_____
Deputy

COMPLAINT FILED  03/19/2010



CMSN130

FILED

2010 MAR 19 A 9 10

IN THE COMMON PLEAS COURT
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| LEONARD SHELTON GERALD E. FUERST<br>8906 Bohnwood DEPT OF COURTS<br>Brooklyn, Ohio 44144 CUYAHOGA COUNTY | ][<br>][<br>][<br>][ | **Complaint**<br>CASE N: JOHN P O'DONNELL<br>CV 10 721640<br>JUDGE: |
| Plaintiff, | ][<br>][ | **COMPLAINT** |
| v. | ][<br>][ | **(Jury Demand Endorsed Hereon)** |
| MICHAEL STEWART, Individually<br>and in his capacity as the City of<br>Lakewood, Ohio Animal Control<br>Officer<br>12650 Detroit Avenue<br>Lakewood, Ohio 44107 | ][<br>][<br>][<br>][<br>][<br>][ | |
| -and- | ][<br>][ | |
| KENNETH KULCZYCKI,<br>Individually and in his capacity as a<br>City of Lakewood, Ohio Police Officer<br>12650 Detroit Avenue<br>Lakewood, Ohio 44107 | ][<br>][<br>][<br>][<br>][ | |
| -and- | ][<br>][ | |
| JOHN DOES 1 – 5, Individually and in<br>their capacities as City of Lakewood,<br>Ohio Police Officers<br>Names Unknown | ][<br>][<br>][<br>][ | |
| -and- | ][<br>][ | |
| CITY OF LAKEWOOD<br>12650 Detroit Avenue<br>Lakewood, Ohio 44107 | ][<br>][<br>][ | |
| -and- | ][<br>][ | |
| CITY OF LAKEWOOD POLICE<br>DEPARTMENT<br>12650 Detroit Avenue<br>Lakewood, Ohio 44107 | ][<br>][<br>][<br>][ | |

$ 200    DEPOSITED

MAR 19 2010

SECURE COSTS
GERALD E. FUERST, Clerk of Courts
PER _____ DEPUTY

Defendants.

## JURISDICTION AND PARTIES

1.    Ohio courts have jurisdiction over claims brought under 42 U.S.C. §1983. *Conley v. Shearer* (1991), 64 Ohio St.3d 284, 595 N.E.2d 862.

2.    At all times relevant hereto, Leonard Shelton ("Plaintiff") was a resident of the City of Lakewood, Ohio ("Defendant Lakewood").

3.    At all times relevant hereto, Michael Stewart ("Defendant Stewart") was the Animal Control Officer for Defendant Lakewood.

4.    At all times relevant hereto, Kenneth Kulczycki ("Defendant Kulczycki") and John Does 1-5 ("Defendant Does 1-5") were police officers in Defendant Lakewood. Despite reasonable attempts to do so, Plaintiff has been unable to discover the names of Defendant Does 1-5.

5.    At all times relevant hereto, Defendant Stewart was an employee of Defendant Lakewood and/or Lakewood Police Department ("Defendant Police Department").

6.    At all times relevant hereto, Defendant Kulczycki and Defendant Does 1-5 were employees of Defendant Police Department.

7.    Defendants' actions which give rise to this Complaint occurred within the City of Lakewood.

## STATEMENT OF FACTS

8.    Plaintiff realleges and reavers the allegations in Paragraphs 1-7 of his Complaint.

9.    At all times relevant hereto, Plaintiff was the owner of a dog named Rosco.

10.    At all times relevant hereto, Defendant Stewart was responsible for, among other things, identification of certain breeds of dogs, enforcement of Defendant Lakewood Codified Ordinances Section 506, et seq. ("LCO 506"), and advising residents of Defendant Lakewood,

2

including Plaintiff, how to establish that his dog is not a "pit bull" and not subject to LCO 506.

11.   At all times relevant hereto, Defendants Kulczycki and John Does 1-5 were responsible for, among other things, identification of certain breeds of dogs, enforcement of LCO 506, and advising residents of Defendant Lakewood, including Plaintiff, how to establish that his dog is not a "pit bull" and not subject to LCO 506.

12.   Despite the duties and responsibilities of Defendant Stewart, Defendant Kulczycki, and Defendant Does 1-5, Defendant Lakewood and Defendant Police Department failed to adequately train these Defendants in dog breed identification, failed to adequately train these Defendants in proper enforcement of certain Defendant Lakewood codified ordinances, and failed to adequately train these Defendants to advise residents of Defendant Lakewood, including Plaintiff, how to establish that his dog is not a "pit bull" and not subject to LCO 506, and further failed to establish a procedure or method by which a Lakewood resident could do so.

13.   In or about April, 2009, while Plaintiff was walking his dog in Defendant Lakewood, Defendant Stewart stopped Plaintiff on the street, incorrectly, negligently, maliciously, and with bad faith, identified Plaintiff's dog as a "pit bull" dog, ordered Plaintiff to remove his dog from Defendant Lakewood, and threatened Plaintiff with criminal charges.

14.   Plaintiff immediately informed Defendant Stewart that his dog is not a "pit bull".

15.   In or about April, 2009, while Plaintiff was walking his dog in Defendant Lakewood, Defendants Kulczycki and/or Does 1-5 stopped Plaintiff on the street, incorrectly, negligently, maliciously, and with bad faith, identified Plaintiff's dog as a "pit bull" dog, ordered Plaintiff to remove his dog from Defendant Lakewood, and threatened Plaintiff with criminal charges.

3

16.     Plaintiff immediately informed Defendants Kulczycki and Does 1-5 that his dog is not a "pit bull".

17.     Over the course of the next few months, Defendant Stewart, Defendant Kulczycki, and Defendant Does 1-5 harassed Plaintiff with repeated visits, repeated stops on the streets of Defendant Lakewood, repeated insistence that Plaintiff's dog is a "pit bull", repeated orders to remove Plaintiff's dog from Defendant Lakewood, and/or repeated threats of criminal charges.

18.     Sometime between April 2009 and June 2009, Defendant Stewart informed Plaintiff that if Plaintiff could establish through DNA testing that Plaintiff's dog is not a "pit bull", then Plaintiff's dog would be permitted to remain in the City of Lakewood, Ohio and Plaintiff would not be charged criminally.

19.     Plaintiff had his dog DNA tested and the DNA results confirmed that Plaintiff's dog is not a "pit bull" and that Defendant Stewart and Defendant Does 1-5 had incorrectly identified the dog as such.

20.     In or about June 2009, Plaintiff informed Defendant Stewart that the DNA results confirmed that Plaintiff's dog is not a "pit bull", but Defendant Officer Stewart informed Plaintiff that he would no longer accept the DNA test as proof that Plaintiff's dog is not a "pit bull".

21.     The harassment by Defendant Stewart, Defendant Kulczycki and Defendant Does 1-5 continued until Plaintiff was ultimately forced to move from Defendant Lakewood.

22.     Defendants' incorrect identification of the breed of Plaintiff's dog, harassment of Plaintiff, and refusal to accept proof that Plaintiff's dog is not a "pit bull" was motivated by, among other things, malice, ill will, discrimination, and bad faith, and constitutes violations of Plaintiff's constitutional rights.

4

23.    As a result of the actions of all Defendants, Plaintiff has suffered damages, including but not limited to, economic damages, psychological damages, and other compensatory damages.

**COUNT I:    42 U.S.C. Section 1983 – DEFENDANT STEWART, Individually.**

24.    Plaintiff realleges and reavers the allegations set forth in Paragraphs 1-23 of his Complaint.

25.    At all times relevant hereto, Defendant Stewart was responsible for, among other things, identifying breeds of dogs.

26.    At all times relevant hereto, Defendant Stewart was responsible for, among other things, enforcement of LCO, which bans "pit bulls" from Defendant Lakewood.

27.    At all times relevant hereto, Defendant Stewart was responsible for, among other things, advising residents of Defendant Lakewood, including Plaintiff, how to establish that his dog is not a "pit bull".

28.    In or about April, 2009, Defendant Stewart incorrectly identified Plaintiff's dog as a "pit bull".

29.    Despite being told by Plaintiff that Plaintiff's dog is not a "pit bull", Defendant Stewart repeatedly harassed Plaintiff by, among other things, repeatedly insisting that Plaintiff's dog is a "pit bull", repeatedly ordering Plaintiff's dog removed from Defendant Lakewood, and repeatedly threatening criminal prosecution.

30.    Believing he was correct that Plaintiff's dog was a "pit bull", Defendant Stewart told Plaintiff that if Plaintiff could establish through DNA evidence that Plaintiff's dog was not a "pit bull", the dog would not have to be removed from Defendant Lakewood.

31.    In June, 2009, relying on Defendant Stewart's promise, Plaintiff had his dog DNA tested and the DNA results conclusively established that Plaintiff's dog is not a "pit bull".

5

32.    When Plaintiff advised Defendant Stewart that his dog had been DNA tested and that the DNA test confirmed that his dog is not a "pit bull", Defendant Stewart then indicated that he would not accept the DNA test as evidence that Plaintiff's dog is not a "pit bull" and that Plaintiff's dog must still be removed from Defendant Lakewood, or criminal charges would be filed against Plaintiff.

33.    In or about June 2009, Plaintiff was forced to move from Defendant Lakewood or risk losing his beloved dog and/or facing criminal charges.

34.    Defendant Stewart's actions were committed while acting under the color of state law.

35.    Defendant Stewart's actions constitute a violation of Plaintiff's civil rights under 42 U.S.C.-§1983, including but not limited to, Plaintiff's right to equal protection under the laws and right to due process, and as a direct result of Defendant Stewart's actions, Plaintiff has suffered psychological, emotional, economic, and other compensatory injury.

<u>COUNT II:   Negligence – **DEFENDANT STEWART, Individually**</u>

36.    Plaintiff realleges and reavers the allegations set forth in Paragraphs 1-35 of his Complaint.

37.    Defendant Stewart had a duty to adequately, appropriately, and reasonably perform his duties as Animal Control Officer.

38.    While acting in the course and scope of his employment, Defendant Stewart breached his duty.

39.    Defendant Stewart's breach of his duty proximately caused injuries to Plaintiff, including but not limited to, psychological, emotional, economic, and other compensatory injury.

6

## COUNT III:  42 U.S.C. Section 1983 – DEFENDANT STEWART in his capacity as City of Lakewood Animal Control Officer

40.    Plaintiff realleges and reavers the allegations set forth in Paragraphs 1-39 of his Complaint.

41.    At all times relevant hereto, Defendant Stewart was acting in his official capacity as Animal Control Officer with Defendant Lakewood and Defendant Lakewood Police Department.

42.    Defendant Stewart was responsible for, among other things, identification of certain breeds of dogs, including "pit bulls".

43.    At all times relevant hereto, Defendant Stewart was responsible for, among other things, enforcement of LCO 506, which bans "pit bulls" from Defendant Lakewood.

44.    At all times relevant hereto, Defendant Stewart was responsible for, among other things, advising residents of Defendant Lakewood, including Plaintiff, how to establish that his dog is not a "pit bull".

45.    In or about April, 2009, Defendant Stewart incorrectly identified Plaintiff's dog as a "pit bull".

46.    Despite being told by Plaintiff that Plaintiff's dog is not a "pit bull", Defendant Stewart repeatedly harassed Plaintiff by, among other things, repeatedly insisting that Plaintiff's dog is a "pit bull", repeatedly ordering Plaintiff's dog removed from Defendant Lakewood, and/or repeatedly threatening criminal prosecution.

47.    Believing he was correct that Plaintiff's dog was a "pit bull", Defendant Stewart told Plaintiff that if Plaintiff could establish through DNA evidence that Plaintiff's dog was not a "pit bull", the dog would not have to be removed from Defendant Lakewood.

48.    In June, 2009, relying on Defendant Stewart's promise, Plaintiff had his dog DNA tested and the DNA results establish without doubt that Plaintiff's dog is not a "pit bull".

7

49.    When Plaintiff advised Defendant Stewart that his has been DNA tested and that the DNA test confirmed that his dog is not a "pit bull", Defendant Stewart then indicated that he would not accept the DNA test as evidence that Plaintiff's dog is not a "pit bull" and that Plaintiff's dog must still be removed from Defendant Lakewood, or criminal charges would be filed against Plaintiff.

50.    In or about June 2009, Plaintiff was forced to move from Defendant Lakewood or risk losing his beloved dog and facing criminal charges.

51.    Defendant Stewart's actions were committed while acting under the color of state law.

52.    Defendant Stewart's actions constitute a violation of Plaintiff's civil rights under 42 U.S.C. §1983, including but not limited to, Plaintiff's right to equal protection under the laws and right to due process, and as a direct result of Defendant Stewart's actions, Plaintiff has suffered psychological, emotional, economic, and other compensatory injury.

### COUNT IV:  Public Duty Rule – DEFENDANT STEWART in his capacity as City of Lakewood Animal Control Officer

53.    Plaintiff realleges and reavers the allegations set forth in Paragraphs 1-52 of his Complaint.

54.    Believing he was correct that Plaintiff's dog was a "pit bull", Defendant Stewart, while acting in the course and scope of his employment with Defendant Lakewood or Defendant Police Department, told Plaintiff that if Plaintiff could establish through DNA evidence that Plaintiff's dog was not a "pit bull", the dog would not have to be removed from Defendant Lakewood.

55.    In June, 2009, relying on Defendant Stewart's promise, Plaintiff had his dog DNA tested and the DNA results establish without doubt that Plaintiff's dog is not a "pit bull".

56.    When Plaintiff advised Defendant Stewart that his has been DNA tested and that the DNA test confirmed that his dog is not a "pit bull", Defendant Stewart then indicated that he

8

would not accept the DNA test as evidence that Plaintiff's dog is not a "pit bull" and that Plaintiff's dog must still be removed from Defendant Lakewood, or criminal charges would be filed against Plaintiff.

57.     Defendant Stewart failed to keep his promise to Plaintiff with the knowledge that failure to remove Plaintiff's dog from the classification of "pit bull" could result in harm to Plaintiff.

58.     Plaintiff justifiably relied on Defendant Stewart's promise that Defendant Stewart would remove Plaintiff's dog from the classification of "pit bull", and Plaintiff's dog would be permitted to remain in Defendant Lakewood, when Plaintiff got his dog DNA tested.

59.     As a direct and proximate result of Defendant Stewart's failure to remove Plaintiff's dog from the classification of "pit bull" and Defendant Stewarts continued insistence that Plaintiff's dog is a "pit bull" despite DNA evidence, Plaintiff has suffered psychological, emotional, economic, and other compensatory damages.

### COUNT V: Fraudulent and/or Negligent Misrepresentation – DEFENDANT STEWART, Individually and in his capacity as City of Lakewood Animal Control Officer

60.     Plaintiff realleges and reavers the allegations set forth in Paragraphs 1-59 of his Complaint.

61.     Defendant Stewart, in the course of his employment, represented to Plaintiff that if Plaintiff could establish through DNA evidence that Plaintiff's dog was not a "pit bull", the dog would not have to be removed from Defendant Lakewood.

62.     Relying on Defendant Stewart's promise, Plaintiff paid to have his dog DNA tested and the DNA results established without doubt that Plaintiff's dog is not a "pit bull".

63.     Defendant Stewart subsequently negligently and/or fraudulently failed to abide by his own representation to Plaintiff.

9

64.     Plaintiff's reliance on Defendant Stewart's representation, and Defendant Stewart's subsequent failure to abide by his representation, resulted in injury to Plaintiff, including but not limited to psychological, emotional, economic, and other compensatory injury.

## COUNT VI:   42 U.S.C. Section 1983- DEFENDANT KULCZYCKI AND DEFENDANT DOES 1-5, Individually.

65.     Plaintiff realleges and reavers the allegations set forth in Paragraphs 1-64 of his Complaint.

66.     Plaintiff has been unable to discover the names of these Defendants.

67.     At all times relevant hereto, Defendant Kulczycki and Defendant Does 1-5 were responsible for, among other things, identification of certain breeds of dogs, including "pit bulls".

68.     At all times relevant hereto, Defendant Kulczycki and Defendant Does 1-5 were responsible for, among other things, enforcement of LCO 506, which bans "pit bulls" from Defendant Lakewood.

69.     At all times relevant hereto, Defendant Kulczycki and Defendant Does 1-5 were responsible for, among other things, advising residents of Defendant Lakewood, including Plaintiff, how to go about establishing that his dog is not a "pit bull".

70.     In or about April, 2009, Defendant Kulczycki and Defendant Does 1-5 incorrectly identified Plaintiff's dog as a "pit bull".

71.     Despite being told by Plaintiff that Plaintiff's dog is not a "pit bull", Defendant Kulczycki and Defendant Does 1-5 repeatedly harassed Plaintiff by, among other things, repeatedly insisting that Plaintiff's dog is a "pit bull", repeatedly ordering Plaintiff's dog removed from Defendant Lakewood, and repeatedly threatening criminal prosecution.

72.     In or about June 2009, Plaintiff was forced to move from Defendant Lakewood or risk losing his beloved dog and facing criminal charges.

73.    Defendant Kulczycki and Defendant Does 1-5's actions were committed while acting under the color of state law

74.    Defendant Kulczycki and Defendant Does 1-5's actions constitute a violation of Plaintiff's civil rights under 42 U.S.C. §1983, including but not limited to, Plaintiff's right to equal protection under the laws and right to due process, and as a direct result of Defendant Does 1-5's actions, Plaintiff has suffered psychological, emotional, economic, and other compensatory injury.

**COUNT VII: 42 U.S.C. Section 1983 – DEFENDANT KULCZYCKI AND DEFENDANT DOES 1-5 in their capacities as City of Lakewood Police Officers.**

75.    Plaintiff realleges and reavers the allegations set forth in Paragraphs 1-74 of his Complaint.

76.    Plaintiff has been unable to discover the names of Defendant Does 1-5.

77.    At all times relevant hereto, Defendant Kulczycki and Defendant Does 1-5 were acting in their official capacities as police officers with Defendant Lakewood and Defendant Lakewood Police Department.

78.    Defendant Kulczycki and Defendant Does 1-5 were responsible for, among other things, identification of certain breeds of dogs, including "pit bulls".

79.    At all times relevant hereto, Defendant Kulczycki and Defendant Does 1-5 were responsible for, among other things, enforcement of LCO 506, which bans "pit bulls" from Defendant Lakewood.

80.    At all times relevant hereto, Defendant Kulczycki and Defendant Does 1-5 were responsible for, among other things, advising residents of Defendant Lakewood, including Plaintiff, how to establish that his dog is not a "pit bull".

81.    In or about April, 2009, Defendant Kulczycki and Defendant Does 1-5 incorrectly identified Plaintiff's dog as a "pit bull".

11

82.   Despite being told by Plaintiff that Plaintiff's dog is not a "pit bull", Defendant Kulczycki and Defendant Does 1-5 repeatedly harassed Plaintiff by, among other things, repeatedly insisting that Plaintiff's dog is a "pit bull", repeatedly ordering Plaintiff's dog removed from Defendant Lakewood, and repeatedly threatening criminal prosecution.

83.   In or about June 2009, due to the actions of Defendant Kulczycki and Defendant Does 1-5, Plaintiff was forced to move from Defendant Lakewood or risk losing his beloved dog and facing criminal charges.

84.   Defendant Kulczycki and Defendant Does 1-5's actions were committed while acting under the color of state law.

85.   Defendant Kulczycki and Defendant Does 1-5's actions constitute a violation of Plaintiff's civil rights under 42 U.S.C. §1983, including but not limited to, Plaintiff's right to equal protection under the laws and right to due process, and as a direct result of Defendant Does 1-5's actions, Plaintiff has suffered psychological, emotional, economic, and other compensatory damages.

**COUNT VIII:        42 U.S.C. Section 1983 – DEFENDANT LAKEWOOD**

86.   Plaintiff realleges and reavers the allegations set forth in Paragraphs 1-85 of his Complaint.

87.   At all times relevant hereto, Defendant Stewart, Defendant Kulczycki, and Defendant Does 1-5 were employees of Defendant Lakewood.

88.   Defendant Lakewood gave Defendant Stewart, Defendant Kulczycki, and Defendant Does 1-5 the authority and responsibility to, among other things:  identify certain breeds of dogs including "pit bulls"; order "pit bulls" from Defendant Lakewood; issue criminal citations to owners of dogs identified as "pit bulls", enforce LCO 506, which bans "pit bulls"

12

from Defendant Lakewood; and advise residents of Defendant Lakewood, including Plaintiff, how to establish that his dog is not a "pit bull".

89.    At all times relevant hereto, Defendant Lakewood knew that Defendant Stewart, Defendant Kulczycki, and Defendant Does 1-5 were identifying certain dogs as "pit bulls", ordering dogs identified as "pit bulls" from Defendant Lakewood, issuing criminal citations to owners of dogs identified as "pit bulls" from Defendant Lakewood, enforcing LCO 506, and interacting with/advising Defendant Lakewood residents, including Plaintiff, regarding how to establish that his dog is not a "pit bull".

90.    At all times relevant hereto, Defendant Lakewood had a municipal policy and/or custom of permitting Defendant Stewart, Defendant Kulczycki, and/or Defendant Does 1-5 to unfairly and unevenly enforce Defendant Lakewood ordinances, including but not limited to, LCO 506, in order to force individuals out of Defendant Lakewood who Defendant Lakewood has judged undesirable or unsavory.

91.    Defendant Lakewood's actions in allowing and encouraging Defendant Stewart, Defendant Kulczycki, and/or Defendant Does 1-5 to unfairly and unevenly enforce Defendant Lakewood ordinances, including but not limited to, LCO 506, constitutes and/or proximately caused a violation of Plaintiff's civil rights under 42 U.S.C. §1983, including but not limited to, Plaintiff's right to equal protection under the laws and right to due process, and as a direct result of Defendant Lakewood's actions, Plaintiff has suffered psychological, emotional, economic, and other compensatory injury.

92.    State remedies available to Plaintiff are inadequate.

## COUNT VIX: 42 U.S.C. Section 1983 - DEFENDANT LAKEWOOD

93.    Plaintiff realleges and reavers the allegations set forth in Paragraphs 1-92 of his Complaint.

13

94.   At all times relevant hereto, Defendant Stewart and Defendant Does 1-5 were employees of Defendant Lakewood.

95.   Defendant Lakewood gave Defendant Stewart and Defendant Does 1-5 the authority and responsibility to, among other things:   identify certain breeds of dogs including "pit bulls"; order "pit bulls" from Defendant Lakewood; issue criminal citations to owners of dogs identified as "pit bulls", enforce LCO 506, which bans "pit bulls" from Defendant Lakewood; and advise residents of Defendant Lakewood, including Plaintiff, how to establish that his dog is not a "pit bull".

96.   At all time relevant hereto, Defendant Lakewood knew that Defendant Stewart and Defendant Does 1-5 were identifying certain dogs as "pit bulls", ordering dogs identified as "pit bulls" from Defendant Lakewood, issuing criminal citations to owners of dogs identified as "pit bulls" from Defendant Lakewood, enforcing LCO 506, and interacting with/advising Defendant Lakewood residents, including Plaintiff, regarding how to establish that his dog is not a "pit bull".

97.   Despite this responsibility and knowledge, Defendant Lakewood failed to adequately train Defendant Stewart and Defendant Does 1-5 to adequately, properly, and fairly enforce LCO 506.

98.   Defendant Lakewood's failure to adequately train Defendant Stewart and Defendant Does 1-5 and/or to otherwise ensure that Defendant Stewart and Defendant Does 1-5 had the knowledge to adequately, properly, and fairly perform their duties, constitutes a deliberate indifference to the rights of persons, including Plaintiff, with whom Defendant Stewart and Defendant Does 1-5 come into contact.

99.   As a direct and proximate result of Defendant Lakewood's failure to adequately train Defendant Stewart and Defendant Does 1-5, Plaintiff's constitutional rights have been

14

violated and Plaintiff has suffered psychological, emotional, economic, and other compensatory damages.

## COUNT X: 42 U.S.C. Section 1983 -- DEFENDANT LAKEWOOD

100.    Plaintiff realleges and reavers the allegations set forth in Paragraphs 1-99 of his Complaint:

101.    At all times relevant hereto, Defendant Stewart, Defendant Kulczycki, and Defendant Does 1-5 were employees of Defendant Lakewood.

102.    Defendant Lakewood gave Defendant Stewart, Defendant Kulczycki, and Defendant Does 1-5 the authority and responsibility to, among other things:  identify certain breeds of dogs including "pit bulls"; order "pit bulls" from Defendant Lakewood; issue criminal citations to owners of dogs identified as "pit bulls", enforce LCO 506, which bans "pit bulls" from Defendant Lakewood; and advise residents of Defendant Lakewood, including Plaintiff, how to establish that his dog is not a "pit bull".

103.    At all time relevant hereto, Defendant Lakewood knew that Defendant Stewart, Defendant Kulczycki, and Defendant Does 1-5 were identifying certain dogs as "pit bulls", ordering dogs identified as "pit bulls" from Defendant Lakewood, issuing criminal citations to owners of dogs identified as "pit bulls" from Defendant Lakewood, enforcing LCO 506, and interacting with/advising Defendant Lakewood residents, including Plaintiff, regarding how to establish that his dog is not a "pit bull".

104.    Despite this responsibility and knowledge, Defendant Lakewood failed to adequately train Defendant Stewart, Defendant Kulczycki, and Defendant Does 1-5 to adequately, properly, and fairly enforce LCO 506.

105.    Defendant Lakewood's failure to adequately train Defendant Stewart, Defendant Kulczycki, and Defendant Does 1-5 and/or to otherwise ensure that Defendant Stewart,

15

Defendant Kulczycki, and Defendant Does 1-5 had the knowledge to adequately, properly, and fairly perform their duties, constitutes a deliberate indifference to the rights of persons, including Plaintiff, with whom Defendant Stewart, Defendant Kulczycki, and Defendant Does 1-5 come into contact.

106.   As a direct and proximate result of Defendant Lakewood's failure to adequately train Defendant Stewart, Defendant Kulczycki, and Defendant Does 1-5, Plaintiff's constitutional rights have been violated and Plaintiff has suffered psychological, emotional, economic, and other compensatory damages.

## COUNT XI – Negligent Training – DEFENDANT LAKEWOOD

107.   Plaintiff realleges and reavers the allegations set forth in Paragraphs 1-106 of his Complaint.

108.   Defendant Lakewood was responsible for ensuring that its employees, including Defendant Stewart, Defendant Kulczycki, and Defendant Does 1-5 had adequate training and knowledge to correctly and appropriately perform their duties.

109.   Defendant Stewart, Defendant Kulczycki, and Defendant Does 1-5 were grossly incompetent to perform their duties, including but not limited to, identifying certain dogs as "pit bulls", ordering dogs identified as "pit bulls" from Defendant Lakewood, issuing criminal citations to owners of dogs identified as "pit bulls" from Defendant Lakewood, enforcing LCO 506, and interacting with/advising Defendant Lakewood residents, including Plaintiff, regarding how to establish that his dog is not a "pit bull".

110.   Despite this responsibility and knowledge, Defendant Lakewood failed to adequately train Defendant Stewart, Defendant Kulczycki, and Defendant Does 1-5.

111.   While in the course and scope of their employment with Defendant Lakewood, Defendant Stewart, Defendant Kulczycki, and Defendant Does 1-5 violated Plaintiff's

16

constitutional rights, and proximately caused Plaintiff to suffer psychological, emotional, economic, and other compensatory injury.

112.    As a direct and proximate result of Defendant Lakewood's failure to adequately train Defendant Stewart, Defendant Kulczycki, and Defendant Does 1-5, Plaintiff's constitutional rights have been violated and Plaintiff has suffered psychological, emotional, economic, and other compensatory injury.

## COUNT XII – Negligent Hiring, Supervision, Retention – DEFENDANT LAKEWOOD

113.    Plaintiff realleges and reavers the allegations set forth in Paragraphs 1-112 of his Complaint.

114.    At all times relevant hereto, Defendant Stewart, Defendant Kulczycki, and Defendant Does 1-5 were employees of Defendant Lakewood.

115.    Defendant Lakewood was responsible for ensuring that its employees, including Defendant Stewart, Defendant Kulczycki, and Defendant Does 1-5 had adequate training and knowledge to correctly and appropriately perform their duties.

116.    Defendant Stewart, Defendant Kulczycki, and Defendant Does 1-5 were grossly incompetent to perform their duties, including but not limited to, identifying certain dogs as "pit bulls", ordering dogs identified as "pit bulls" from Defendant Lakewood, issuing criminal citations to owners of dogs identified as "pit bulls" from Defendant Lakewood, enforcing LCO 506, and interacting with/advising Defendant Lakewood residents, including Plaintiff, regarding how to establish that his dog is not a "pit bull".

117.    Defendant Lakewood knew or should have known of the incompetence of Defendant Stewart, Defendant Kulczycki, and Defendant Does 1-5.

118.    While in the course and scope of their employment with Defendant Lakewood, Defendant Stewart, Defendant Kulczycki, and Defendant Does 1-5 violated Plaintiff's

17

constitutional rights, and proximately caused Plaintiff to suffer psychological, emotional, economic, and other compensatory damages.

119.   As a direct and proximate result of Defendant Lakewood's failure to adequately hire, supervise, and retain, Defendant Stewart, Defendant Kulczycki, and Defendant Does 1-5, Plaintiff's constitutional rights have been violated and Plaintiff has suffered psychological, emotional, economic, and other compensatory injury.

**COUNT XIII:     42 U.S.C. Section 1983 – DEFENDANT POLICE DEPARTMENT**

120.   Plaintiff realleges and reavers the allegations set forth in Paragraphs 1-119 of his Complaint.

121.   At all times relevant hereto, Defendant Stewart, Defendant Kulczycki, and Defendant Does 1-5 were employees of Defendant Police Department.

122.   Defendant Police Department gave Defendant Stewart, Defendant Kulczycki, and Defendant Does 1-5 the authority and responsibility to, among other things: identify certain breeds of dogs including "pit bulls"; order "pit bulls" from Defendant Lakewood; issue criminal citations to owners of dogs identified as "pit bulls", enforce LCO 506, which bans "pit bulls" from Defendant Lakewood; and advise residents of Defendant Lakewood, including Plaintiff, how to establish that his dog is not a "pit bull".

123.   At all time relevant hereto, Defendant Police Department knew that Defendant Stewart, Defendant Kulczycki, and Defendant Does 1-5 were identifying certain dogs as "pit bulls", ordering dogs identified as "pit bulls" from Defendant Lakewood, issuing criminal citations to owners of dogs identified as "pit bulls" from Defendant Lakewood, enforcing LCO 506, and interacting with/advising Defendant Lakewood residents, including Plaintiff, regarding how to establish that his dog is not a "pit bull".

124.    At all times relevant hereto, Defendant Police Department had a municipal policy and/or custom of permitting Defendant Stewart, Defendant Kulczycki, and Defendant Does 1-5 to unfairly and unevenly enforce Defendant Lakewood ordinances, including but not limited to, LCO 506, in order to force individuals out of Defendant Lakewood who Defendant Lakewood and/or Defendant Police Department has judged undesirable or unsavory.

125.    Defendant Police Department's actions in allowing and encouraging Defendant Stewart Defendant Kulczycki, and Defendant Does 1-5 to unfairly and unevenly enforce Defendant Lakewood ordinances, including but not limited to, LCO 506, constitutes and/or proximately caused a violation of Plaintiff's civil rights under 42 U.S.C. §1983, including but not limited to, Plaintiff's right to equal protection under the laws and right to due process.

126.    As a direct and proximate result of Defendant Police Department's actions, Plaintiff has suffered psychological, emotional, economic, and other compensatory injury.

## COUNT XIV -- Negligent Training -- DEFENDANT POLICE DEPARTMENT

127.    Plaintiff realleges and reavers the allegations set forth in Paragraphs 1-126 of his Complaint.

128.    Defendant Lakewood Police Department was, at all times relevant hereto, responsible for ensuring that its employees, including Defendant Stewart, Defendant Kulczycki, and Defendant Does 1-5 had adequate training and knowledge to correctly and appropriately perform their duties.

129.    Defendant Stewart, Defendant Kulczycki, and Defendant Does 1-5 were grossly incompetent to perform their duties, including but not limited to, identifying certain dogs as "pit bulls", ordering dogs identified as "pit bulls" from Defendant Lakewood, issuing criminal citations to owners of dogs identified as "pit bulls" from Defendant Lakewood,

19

enforcing LCO 506, and interacting with/advising Defendant Lakewood residents, including Plaintiff, regarding how to establish that his dog is not a "pit bull".

130.    Despite this responsibility and knowledge, Defendant Police Department failed to adequately train Defendant Stewart, Defendant Kulczycki, and Defendant Does 1-5.

131.    While in the course and scope of their employment with Defendant Lakewood, Defendant Stewart, Defendant Kulczycki, and Defendant Does 1-5 violated Plaintiff's constitutional rights, and proximately caused Plaintiff to suffer psychological, emotional, economic, and other compensatory damages.

132.    As a direct and proximate result of Defendant Police Department's failure to adequately train Defendant Stewart,  Defendant Kulczycki, and Defendant Does 1-5, Plaintiff's constitutional rights have been violated and Plaintiff has suffered psychological, emotional, economic, and other compensatory damages.

## COUNT XV – Negligent Hiring, Supervision, Retention – DEFENDANT POLICE DEPARTMENT

133.    Plaintiff realleges and reavers the allegations set forth in Paragraphs 1-132 of his Complaint.

134.    At all times relevant hereto, Defendant Stewart, Defendant Kulczycki, and Defendant Does 1-5 were employees of Defendant Police Department.

135.    Defendant Police Department was responsible for ensuring that its employees, including Defendant Stewart,  Defendant Kulczycki, and Defendant Does 1-5 had adequate training and knowledge to correctly and appropriately perform their duties.

136.    Defendant Stewart, Defendant Kulczycki, and Defendant Does 1-5 were grossly incompetent to perform their duties, including but not limited to, identifying certain dogs as "pit bulls", ordering dogs identified as "pit bulls" from Defendant Lakewood, issuing criminal citations to owners of dogs identified as "pit bulls" from Defendant Lakewood, enforcing

20

LCO 506, and interacting with/advising Defendant Lakewood residents, including Plaintiff, regarding how to establish that his dog is not a "pit bull".

137.    Defendant Police Department knew or should have known of the incompetence of Defendant Stewart, Defendant Kulczycki, and Defendant Does 1-5.

138.    While in the course and scope of their employment with Defendant Police Department, Defendant Stewart, Defendant Kulczycki, and Defendant Does 1-5 violated Plaintiff's constitutional rights, and proximately caused Plaintiff to suffer psychological, emotional, economic, and other compensatory damages.

139.    As a direct and proximate result of Defendant Police Department's failure to adequately hire, supervise, and retain, Defendant Stewart, Defendant Kulczycki, and Defendant Does 1-5, Plaintiff's constitutional rights have been violated and Plaintiff has suffered psychological, emotional, economic, and other compensatory damages.

## COUNT XVI:  42 U.S.C. Section 1985 – ALL DEFENDANTS

140.    Plaintiff realleges and reavers the allegations set forth in Paragraphs 1-140 of his Complaint.

141.    The actions of Defendants constitute a conspiracy to deprive Plaintiff of his constitutional right to equal protection and/or equal privileges and/or equal immunities.

142.    The actions of Defendants constitute a conspiracy to deprive Plaintiff of his constitutional right to due process and equal protection, among other constitutionally protected rights.

143.    The actions of Defendants as set forth in preceding paragraphs are all acts done in furtherance of the conspiracy to deprive Plaintiff of his constitutional right to equal protection and/or equal privileges and/or equal immunities, his constitutional right to due process, and/or other constitutionally protected rights.

21

144.    The actions of Defendants as set forth in preceding paragraphs resulted in a violation of Plaintiff's civil rights under 42 U.S.C. §1983, including but not limited to, Plaintiff's right to equal protection under the laws and right to due process, and as a direct result of Defendants' actions, Plaintiff has suffered psychological, emotional, economic, and other compensatory damages.

### COUNT XVII: Civil Conspiracy – ALL DEFENDANTS

145.    Plaintiff realleges and reavers the allegations set forth in Paragraphs 1-144 of his Complaint.

146.    The actions of Defendants' as set forth above in this Complaint constitute a conspiracy formed with a malicious purpose to discriminate against Plaintiff, deprive Plaintiff of his constitutional rights, harass Plaintiff, and force Plaintiff to move from Defendant Lakewood.

147.    As a direct result of the actions of Defendants as set forth above, Plaintiff has suffered psychological, emotional, economic, and other compensatory injury.

### COUNT XVIII: Intentional Infliction of Emotional Distress – ALL DEFENDANTS

148.    Plaintiff realleges and reavers the allegations set forth in Paragraphs 1-147 of his Complaint.

149.    Defendants intended to cause emotional distress to Plaintiff, or knew or should have known that their actions as set forth above would result in serious emotional distress to Plaintiff.

150.    The actions of Defendants as set forth above are so extreme and outrageous that it went beyond all reasonable bounds of decency.

144. The actions of Defendants as set forth above can be considered completely intolerable in a civilized community.

22

145. The actions of Defendants as set forth above caused psychic injury to Plaintiff and caused Plaintiff to suffer serious mental anguish of the nature that no reasonable person could be expected to endure.

### COUNT XIX: Negligent Infliction of Emotional Distress – ALL DEFENDANTS

146. Plaintiff realleges and reavers the allegations set forth in Paragraphs 1 – 145 of his Complaint.

147. The actions of Defendants as set forth above were negligent.

148. The actions of Defendants as set forth above caused psychic injury to Plaintiff and caused Plaintiff to suffer serious mental anguish.

WHEREFORE, Plaintiff Leonard Shelton, demands judgment against all Defendants. Plaintiff Leonard Shelton prays for a sum in excess of Twenty Five Thousand & 00/100 Dollars ($25,000.00) on each count, and further prays for attorney's fees, punitive damages, and all other relief as this Court deems just and proper.

Respectfully submitted,

KRISTI L. HAUDE (0075611)
*Attorney for Plaintiff Leonard Shelton*
33259 Ambleside Drive
Avon Lake, OH 44012
Tele: (440)714-3502
Email: klh051@aol.com

### JURY DEMAND

A trial by jury is hereby demanded on all issues herein.

KRISTI L. HAUDE (0075611)
*Attorney for Plaintiff Leonard Shelton*

23